# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAVARIS LENELL MOSS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 11-CV-148-CVE-PJC |
| | ) |
| JOSEPH TAYLOR, Warden; | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 17).  Petitioner, a state inmate appearing pro se, filed a response (Dkt. # 21). On November 28, 2011, Petitioner filed a motion for a ruling (Dkt. # 23). Respondent argues that dismissal is warranted in this case because Petitioner is not in custody as to some of the challenged convictions and the remainder of his claims are untimely under 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted.  The petition for writ of habeas corpus shall be dismissed as specified below. Petitioner's motion for a ruling shall be declared moot.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case Nos. CF-07-3603, CF-08-0882, CF-08-1235, and CF-08-1632. See Dkt. # 1. The record reflects that on May 16, 2008, the state district judge found Petitioner guilty after accepting his pleas of guilty to an

application to accelerate deferred sentence in Case No. CF-07-3603, and to various charges in the other cases. See Dkt. # 18, Exs. 6, 7, 8, 9. Pursuant to a plea agreement, see id., Exs. 6, 7, and 8, he was sentenced that day to concurrent sentences as follows:

> CF-07-3603: Count I - False Impersonation, two years
>
> CF-08-0882: Count I - Feloniously Pointing a Weapon, ten years
> Count II - Carrying a Weapon Where Alcohol is Served, two years
> Count III - Possession of a Firearm While Under DOC Supervision, ten years
>
> CF-08-1235: Count I - Assault and Battery, ninety days
> Count II - Second Degree Burglary, seven years
> Count III - Assault and Battery, ninety days
>
> CF-08-1632: Count I - Impersonation of a Public Officer by Uniform or Vehicle, two years
> Count II - Fraud/False Pretense, one year in county jail
> Count III - Possession of a Firearm While Under DOC Supervision, ten years

He did not move to withdraw his guilty pleas and did not perfect a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA).

Petitioner filed motions for judicial review in Case Nos. CF-08-882, CF-08-1235 and CF-08-1632. See Dkt. # 18, Exs 10, 11, 12. However, the state district judge denied the motions. Id.

On July 6, 2009, Petitioner filed an application for post-conviction relief in Case Nos. CF-08-882 and CF-08-1235. See Dkt. # 18, Exs. 10 and 11. The state district court denied the application by order filed August 5, 2009. Id. Petitioner appealed to the OCCA, and by order filed October 22, 2009, in Case No. PC-2009-781, the OCCA affirmed the denial of post-conviction relief. See www.oscn.net.

On November 25, 2009, Petitioner filed an application for post-conviction relief in Case Nos. CF-07-3606, CF-08-882, CF-08-1235, CF-08-1682, and CM-08-1369.[1] See Dkt. # 18, Exs. 9, 10,

---

[1] Petitioner does not challenge his conviction in CM-08-1369 in this habeas corpus action.

11, 12. The state district court denied the application on January 13, 2010. Id. Petitioner appealed. By order filed March 2, 2010, in Case No. PC-10-107, the OCCA affirmed the denial of post-conviction relief. See www.oscn.net.

On January 20, 2010, or prior to conclusion of the appeal in PC-10-107, Petitioner filed a third application for post-conviction relief in Case Nos. CF-08-882, CF-08-1235, and CF-08-1632. See Dkt. # 18, Exs. 10, 11, 12. On May 24, 2010, the application was granted in part and denied in part.[2] The order was not filed of record in Case No. CF-08-1235 until July 27, 2010. See Dkt. # 18, Exs. 4, 11. Petitioner did not appeal the ruling. The record also reflects that subsequent to the resolution of his third application for post-conviction relief, Petitioner unsuccessfully attempted to obtain access to records, appointment of counsel, and sentence modification in Case Nos. CF-08-882, CF-08-1235, and CF-08-1632. See Dkt. # 18, Exs. 10, 11, 12.

On February 15, 2011, Petitioner commenced this habeas corpus action by filing his petition in the United States District Court for the Western District of Oklahoma. See Dkt. # 1. On March 10, 2011, the case was transferred to this Court. In response to the petition, Respondent argues for dismissal of this action because Petitioner is not in custody as to some of his challenged convictions and the remainder of his claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 17 and 18.

---

[2]Relief was granted in part based on the district judge's finding that "the 'Amended Judgment and Sentence' entered on February 4, 2010, erroneously reflects the term of the sentence with respect to the number of years the Petitioner is required to serve for the offense of 'Burglary in the Second Degree.'" See Dkt. # 18, Ex. 3. The district judge directed issuance of a Second Amended Judgment to reflect that Petitioner was convicted of Burglary in the Second Degree and sentenced to seven (7) years in the custody of the Department of Corrections. Id.

3

## ANALYSIS

**A. Failure to satisfy the "in custody" requirement**

Federal district courts lack subject matter jurisdiction to consider a petition under § 2254 unless the petitioner is "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (per curiam); Anderson–Bey v. Zavaras, 641 F.3d 445, 453 (10th Cir. 2011) ("To obtain relief under § 2254, the applicant must be 'in custody' under the challenged judgment."); McCormick v. Kline, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional."). Furthermore, a habeas petitioner may not challenge an expired concurrent sentence. Mayes v. Dinwiddie, 580 F.3d 1136, 1140-41 (10th Cir. 2009).

In this case, Petitioner is serving his sentences concurrently. The record provided by Respondent reflects that, prior to the filing of this petition on February 15, 2011, Petitioner had completed serving his sentences entered in Case No. CF-07-3603, Count II of CF-08-882, and Count I of CF-08-1632. See Dkt. # 18, Ex. 5. Specifically, Petitioner completed his sentence in Case No. CF-07-3603 on March 17, 2009; he completed his sentence on Count II of Case No. CF-08-882 on November 20, 2009; and he completed his sentence on Count I of Case No. CF-08-1632 on November 24, 2009. The Court further notes that, prior to filing the petition, Petitioner completed his sentences for Counts I and III in Case No. CF-08-1235, and for Count II in Case No. CF-08-1632. Therefore, the Court finds that, as to those convictions, Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254. For that reason, his claims challenging those convictions shall be dismissed without prejudice for lack of subject matter jurisdiction.

**B. Statute of limitations**

Petitioner remains in custody pursuant to sentences entered on his convictions in Case Nos. CF-08-882, Counts I and III; CF-08-1235, Count II; and CF-08-1632, Count III. However, for the reasons discussed below, his habeas claims as to those convictions are time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed

5

to file a motion to withdraw his guilty pleas, his convictions became final ten (10) days after pronouncement of his Judgment and Sentence, or on May 26, 2008. See Rule 4.2, Rules of the Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his convictions began to run on May 27, 2008. See Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after May 27, 2009, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until February 15, 2011. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner filed multiple motions for judicial review in his various cases. In unpublished opinions, panels of the Tenth Circuit Court of Appeals have ruled that a motion for judicial review, however, is not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. See, e.g., Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished)[3] (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see

---

[3]This and other unpublished opinions are cited for persuasive value. See 10th Cir. R. 32.1(A).

also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, the United States Supreme Court recently held that a motion to reduce a state prisoner's sentence filed in accordance with Rhode Island law qualified as an application for "collateral review" that served to toll the one year limitations period. Wall v. Kholi, 131 S. Ct. 1278 (2011). The Tenth Circuit has not yet applied the Wall decision to a case involving a motion for judicial review under Oklahoma law. In this case, however, even if Petitioner's motions for judicial review qualified as applications for "collateral review" under 28 U.S.C. § 2244(d)(2), the motions were not "properly filed" as required to toll the limitations period.

Section 2244(d)(2) provides as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added). The Supreme Court has found that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). See also Robinson v. Golder, 443 F.3d 718, 720 (10th Cir. 2006) (stating that an application is "properly filed" if it satisfies the State's requirements for filing such a pleading); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (stating that a "properly filed" application complies with filing requirements including: "(1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion"). In Habteselassie, the Tenth Circuit distinguished between applications objectionable based on "pure filing

requirements" and those objectionable based on affirmative defenses that preclude a court from granting relief on the merits. Habteselassie, 209 F.3d at 1211. The latter group requires analysis in some manner of the substance of the claims set forth by the petitioner and does not prevent a motion from being "properly filed" for purposes of § 2244(d)(2). Id. "Substantive impediments to relief of this nature include prohibitions against the filing of successive or abusive petitions, the requirement that claims be brought on direct appeal if possible, and the judicial doctrine of res judicata." Id.

Oklahoma law provides that a motion for judicial review must be filed within twelve (12) months after imposition of sentence. Okla. Stat. tit. 22, § 982a(A). The state law also provides that when the sentence was imposed pursuant to a plea agreement, relief under the motion requires consent of the district attorney. Id. (stating that "without the consent of the district attorney, this section shall not apply to sentences imposed pursuant to a plea agreement"). In this case, the record reflects that Petitioner's sentences were imposed upon his pleas of guilty and pursuant to a plea agreement. See Dkt. # 18, Exs. 6, 7, and 8. As a result, relief under § 982a was not available "without the consent of the district attorney." The record also reflects that Petitioner filed his motions without the consent of the Tulsa County District Attorney. See Dkt. # 1, Ex. 6 page 20 of 22, "Corrected Order" filed November 14, 2008 (stating that "the Motion for Judicial Review was timely filed but will not [be] set for hearing without consent to review by the Tulsa County District Attorney"). Because the motions for judicial review were filed without satisfying a statutory condition precedent, the consent of the Tulsa County District Attorney, the state court had no authority to conduct any analysis of the substance of the claims set forth by Petitioner. Having failed to satisfy a condition precedent of § 982a, Petitioner's motions for judicial review were not "properly filed." As a result, even if the motions qualify as applications for "collateral review" under

8

28 U.S.C. § 2244(d)(2), they were not "properly filed." For that reason, they did not serve to toll Petitioner's one year limitations period. The habeas deadline of May 27, 2009, was unaffected by the motions for judicial review.[4]

After his unsuccessful attempts to obtain judicial review, Petitioner filed three applications for post-conviction relief. Petitioner's first application for post-conviction relief was not filed until July 6, 2009, or more than five (5) weeks after the May 27, 2009, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, none of the post-conviction proceedings commenced by Petitioner after expiration of the limitations period served to toll the limitations period. Therefore, Petitioner's habeas petition challenging his convictions in Case Nos. CF-08-882, Counts I and III; CF-08-1235, Count II; and CF-08-1632, Count III, filed on February 15, 2011, appears to be untimely.

Petitioner filed a response (Dkt. # 21) to the motion to dismiss. He states that "the final decision in the District Court was on May 24, 2010, therefore, this court is still within its jurisdiction in regards to the cases and the claims involved." See Dkt. # 21. The date referenced by Petitioner, May 24, 2010, was the date of the state district court's ruling on his third application for post-conviction relief. However, a state court's ruling on an application for post-conviction relief is not one of the triggers for commencement of the one-year habeas period. See 28 U.S.C. § 2244(d)(1)(A), (B), (C), (D) (quoted above). Therefore, the Court rejects Petitioner's argument that his habeas petition is timely because it was filed within one year of May 24, 2010.

---

[4]The Court notes that, even if Petitioner were credited with all the aggregated time during which his motions for judicial review and applications for post-conviction relief were pending, his habeas petition, filed February 15, 2011, would still be untimely.

9

Petitioner fails to identify any other basis for additional tolling of the limitations period. The Court recognizes that the statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. The Court recognizes that Petitioner appears pro se and avers that he is unfamiliar with the law. See Dkt. # 21. However, Petitioner's statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an

10

incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus shall be granted. Petitioner's claims challenging his convictions in Tulsa County District Court, Case Nos. CF-07-3603, CF-08-882 (Count II), CF-08-1235 (Counts I and III), and CF-08-1632 (Counts I and II) shall be dismissed without prejudice for lack of subject matter jurisdiction. Petitioner's claims challenging his convictions in Tulsa County District Court, Case Nos. CF-08-882 (Counts I and III), CF-08-1235 (Count II), and CF-08-1632 (Count III) shall be dismissed with prejudice as time barred by the statute of limitations.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

11

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's rulings resulting in the dismissal of this action based on Petitioner's failure to satisfy the "in custody" requirement or based on the statute of limitations were debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 17) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed** as follows:
    a. Petitioner's claims challenging his convictions in Tulsa County District Court, Case Nos. CF-07-3603, CF-08-882 (Count II), CF-08-1235 (Counts I and III), and CF-08-1632 (Counts I and II) are **dismissed without prejudice** for lack of subject matter jurisdiction.
    b. Petitioner's claims challenging his convictions in Tulsa County District Court, Case Nos. CF-08-882 (Counts I and III), CF-08-1235 (Count II), and CF-08-1632 (Count III) are **dismissed with prejudice** as time barred by the statute of limitations.
3. Petitioner's motion for a ruling (Dkt. # 23) is **declared moot**.
4. A separate Judgment shall be entered in this case.
5. A certificate of appealability is **denied**.

DATED THIS 23rd day of January, 2012.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT